IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KRISTOPHER CHEYN TUBRE, county jail inmate # 431209**         **PLAINTIFF**

**VERSUS**                              **CIVIL ACTION NO. 1:09-cv-635-HSO-JMR**

**KEN BROADUS, JEROME BARNES
AND JACKSON COUNTY ADULT
DETENTION CENTER**                                                   **DEFENDANTS**

MEMORANDUM OPINION AND ORDER

Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983 on August 19, 2009. On September 21, 2009, an Order [6] was entered in this action directing Plaintiff to file a written response to provide specific information to the Court. The Order directed Plaintiff to file his response on or before October 12, 2009. Plaintiff was warned in this Court's Order [6] that failure to advise this Court of a change of address or failure to timely comply with any order of this Court may lead to the dismissal of his Complaint. Plaintiff failed to comply.

On September 28, 2009, Plaintiff filed a notice of change of address [7]. On the same day, the Clerk re-mailed the Court's Orders [6] to the Plaintiff at the new address he provided. On September 30, 2009, this Court's Order [6], which was mailed to Plaintiff's old address, was returned by the postal service with the notation "return to sender". The Orders [6] sent to Plaintiff's newly provided address were not returned.

On November 20, 2009, an Order [9] was entered directing Plaintiff to show cause, on or before December 4, 2009, why this case should not be dismissed for his failure to timely comply with the Court's Order [6] of September 21, 2009. The

Show Cause Order [9] warned Plaintiff that failure to advise this Court of a change of address or failure to timely comply with the requirements of the Order may lead to the dismissal of his Complaint, without further notice. On November 30, 2009, this Court's Order [9] was returned by the postal service with the notation "return to sender". Plaintiff has not complied with the Show Cause Order. Plaintiff failed to comply with two Court Orders and he has not contacted this Court since September 28, 2009.

This Court has the authority to dismiss an action for Plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action *sua sponte. See generally Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link,* 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the Orders of the Court under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE is proper. Since the Defendants have not been called upon to respond to Plaintiff's pleading, and have not appeared in this action, and since the Court has not considered the merits of Plaintiff's claims, the Court's

Order of dismissal will be without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith,* 201 F. App'x 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the  30th  day of December, 2009.


*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE